UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANDREA MOORE,

                        Petitioner,                      11 Civ. 1860 (RPP)
                                                                   07 Cr. 1054 (RPP)

                       - against –

                                                             **OPINION AND ORDER**

UNITED STATES OF AMERICA,

                        Respondent.
------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

      On February 16, 2011, Petitioner Andrea Moore ("Petitioner"), *pro se,* filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct her sentence for violations of 18 U.S.C. § 1343 wire fraud, 18 U.S.C. § 1344 bank fraud, and 18 U.S.C. § 1349 conspiracy to commit bank and wire fraud.  Petitioner alleges that the jury was improperly instructed as to sections 1343 and 1344, which Petitioner argues should now be interpreted pursuant to the Supreme Court's recent holding in Skilling v. United States, 130 S. Ct. 2896, 2931 (2010). Petitioner further argues that the convictions were invalid because Petitioner did not receive any bribes or kickbacks in the alleged scheme.  On May 25, 2011, the Government responded in opposition to the motion.  On June 21, 2011, Petitioner submitted a reply brief containing additional arguments, all of which are procedurally barred.

      For the reasons stated below, Petitioner's motion is denied.

**I.     Background**

November 19, 2007, an indictment was returned charging Petitioner with conspiracy to commit bank and wire fraud in violation of 18 U.S.C. § 1349 and for six substantive counts of wire and bank fraud in violation of 18 U.S.C. §§ 1343 and 1344. (Indictment "Indict.") Petitioner's prosecution stems from a large scale mortgage fraud scheme which victimized vulnerable individuals facing the imminent loss of their home through foreclosure proceedings. Petitioner was employed at a so-called foreclosure rescue specialist, "Lost and Found Recovery" (the "Company"), the business through which the fraud was perpetrated. (Indict. ¶ 1.) The scheme was not complicated. Petitioner and her co-conspirators identified homeowners who were facing foreclosure, and in turn would send individuals to those homes to promote the Company's "foreclosure rescue" program. (Id. ¶ 5.) The scheme operated as follows: Petitioner and co-conspirators recruited individuals who, for a fee, would buy the distressed home from the owner. (Id. ¶ 10.) A homeowner who enlisted the Company's services would be asked to transfer the deed to the home to this third party or "straw buyer." (Id. ¶ 7.) In return, the Company promised to arrange for the homeowner's debt to be paid off and further promised to pay the homeowner's new mortgage for a year and allow the owner to remain in the home. (Id. ¶ 8.) The Company promised to refinance the mortgage and return title within one year. (Id.) Defendant and the Company later arranged for the straw buyers to obtain inflated mortgage loans on each property. (Id. ¶ 11.) The documents they submitted to the banks made material misrepresentations as to the straw buyers employment, income, intent to live at the property, and the value of the property. (Id.) The loan proceeds were subsequently deposited into bank accounts controlled by the Company. (Id. ¶ 14.) The proceeds were used to make one or two

2

payments on the new mortgages, and then were removed through cash withdrawals. (Id.)  No homes were saved from foreclosure and virtually every homeowner who participated in the scheme eventually faced both foreclosure and eviction. (Id. ¶ 15.)

On November 13, 2008, a jury convicted Petitioner on all counts.  On July 16, 2009, the Court sentenced Petitioner to sixty months of imprisonment, three years of supervised release, and restitution in the amount of $1,541,728.  On June 25, 2010, Petitioner was sentenced to an additional five months imprisonment for refusing to self-surrender on her incarceration date.

## II. Standard of Review

Since Petitioner is proceeding *pro se*, submissions will "be liberally construed in [her] favor," Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)), and read "to raise the strongest arguments that they suggest," Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996) (internal citation omitted).  Section 2255 of Title 28 of the United State Code provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.  "Prisoners seeking habeas relief must not only prove that constitutional violations occurred at trial, but also that such errors caused substantial prejudice or a fundamental miscarriage of justice." Ciak v. United States, 59 F.3d 296, 301 (2d Cir. 1995).

**III.     Discussion**

Petitioner argues that she was denied due process of law because the Court failed to instruct the jury on the correct meaning of the "scheme or artifice to defraud" element of 18 U.S.C. §§ 1343 and 1344. (Petitioner's Brief in Supp. of Mot. to Vacate, Set Aside, or Correct Sentence ("Pet'r Brief") at 2.)  Specifically, Petitioner argues that the Government failed to prove that her "scheme or artifice to defraud" involved any bribes or kickbacks. (Id. at 3.)

**A.     Petitioner Was Not Charged with a Violation of 18 U.S.C. § 1346**

Petitioner's argument that as a result of Skilling v. United States, 130 S. Ct. 2896 (2010) she cannot be convicted of wire fraud or bank fraud without evidence of bribery or receipt of kickbacks is without merit. 18 U.S.C. § 1346 broadened the definition of "scheme or artifice to defraud" to include "a scheme or artifice to deprive another of the intangible right of honest services."  In Skilling, the Supreme Court held that honest services fraud, 18 U.S.C. § 1346, is limited to schemes or artifices to defraud where bribery or kickback schemes are involved. Skilling, 130 S. Ct. at 2931.  However, Petitioner was not charged with depriving another of the intangible right to honest services in violation of 18 U.S.C. § 1346.  Therefore, the Supreme Court's decision in Skilling does not affect the validity of Petitioner's conviction for violations of 18 U.S.C. §§ 1343 and 1344.

In holding that Skilling's clarification of the reach of section 1346 does not invalidate convictions not involving charges of a deprivation of the intangible right to honest services, this Court joins a growing number of District Courts that have similarly recognized the limited implications of that case. See United States v. Saladino, No. 07-CR-535, 2010 WL 3221427, at *3 (D. Or. Aug. 11, 2010) ("Skilling limited its holding to the scope of § 1346. The Court did not

4

suggest its interpretation of § 1346 had broader application to other statutes"); United States v. Harkonen, No. C 08-00164, 2010 WL 2985257, at *16 n.5 (N.D. Cal. Jul. 27, 2010) (Skilling does not apply to 18 U.S.C. § 1343); United States v. Conti, Civ. No. 10-176, 2010 WL 4613798, at *6 (W.D. Pa. Nov. 5, 2010) (Skilling does not apply to 18 U.S.C. § 1341); Aliucci v. United States, Civ. No. 10-1297, 2011 WL 635264, at *11 (W.D. Pa. Feb. 11, 2011) (same); Edelmann v. Keffer, 10–CV–531–Y, 2011 WL 2517273, at * 2-3 (N.D. Tex. June 24, 2011) (defendant not charged with violations of section 1346, therefore Skilling not applicable). Therefore, Petitioner is not entitled to relief.

**B. Petitioner's Additional Arguments in Her Reply Memorandum are Procedurally Barred**

Petitioner lays out several additional arguments in her reply brief dated June 21, 2011. All these arguments are procedurally barred as they could have been raised on direct appeal. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice or that he is actually innocent. Bousley v. United States, 523 U.S. 614, 622 (1998) (internal quotations and citations omitted). There is no record of Petitioner raising her claims here on direct appeal to the Second Circuit.

Additionally, Petitioner's grounds for relief are time-barred. In 1996 Congress passed The Anti-Terrorism and Effective Death Penalty Act (AEDPA). One of the provisions of AEDPA limited when prisoners could file habeas corpus petitions under 28 U.S.C. § 2255. Accordingly, 28 U.S.C. § 2255(f) now states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

5

>(1) the date on which the judgment of conviction becomes final;
>(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Petitioner's judgment was entered on July 20, 2009. Under 28 U.S.C. § 2255(f)(1), she had one year from the date her judgment became final to file the motion. Petitioner argues that, pursuant to section 2255(f)(3), the one-year limitation period should run from the date the Supreme Court decided Skilling. As Skilling is not applicable to the instant motion, that argument is without merit. Therefore, Petitioner's claims are procedurally barred.

## III. Conclusion

For the reasons discussed herein, Petitioner's motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255 is denied.

IT IS SO ORDERED

Dated: New York, New York
October 5, 2011

Robert P. Patterson, Jr.
U.S.D.J.

6

Copies of this order were sent to:

Andrea Moore, Petitioner *Pro Se*
Federal Medical Center, Carswell
P.O. Box 27137
Fort Worth, TX 76127
(by mail)


Julian J. Moore
John T. Zach
United States Attorney's Office
One St. Andrews Plaza
New York, NY 10007
Fax: (212)637-2429